IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TREMANE DARNELL CARTHEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:19-CV-593-WKW |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# **ORDER**

On May 13, 2022, the Magistrate Judge filed a Recommendation that Petitioner's 28 U.S.C. § 2255 motion be DENIED without an evidentiary hearing and that this action be DISMISSED with prejudice. (Doc. # 60.) Petitioner has filed objections (Docs. # 65, 66) to the Recommendation. Based upon *de novo* review of those portions of the Recommendation to which Petitioner objects, *see* 28 U.S.C. § 636, the objections are due to be overruled, and the Recommendation is due to be adopted.

Mr. Carthen's objections lack merit. First, Mr. Carthen argues that his conviction under Count 1 for conspiracy to commit Hobbs Act robbery is invalid under the holding in *United States v. Davis*, 139 S. Ct. 2319 (2019). (Doc. # 65 at 3–4.) Mr. Carthen did not present this claim clearly in his § 2255 motion. Instead, he

argued that the predicate crime for at least one of his § 924(c) convictions was conspiracy to commit Hobbs Act robbery. As explained in the Recommendation:

> Although conspiracy to commit Hobbs Act robbery is not a crime of violence for purposes of § 924(c), *see, e.g., Brown v. United States*, 942 F.3d 1069, 1075–76 (11th Cir. 2019), conspiracy to commit Hobbs Act robbery was not the predicate crime for any of Carthen's three § 924(c) convictions.

(Doc. # 60, at 12–13.) To the extent that Mr. Carthen now argues that *Davis* invalidates his conviction on Count 1, his claim lacks merit. Count 1 was a conspiracy conviction, not a § 924(c) conviction; *Davis* applies to § 924(c) convictions.

Second, Mr. Carthen reasserts his § 2255 claim that Hobbs Act robbery is not a crime of violence for purposes of a § 924(c) conviction. (Doc. # 66 at 10ff.) Hobbs Act robberies were the underlying crimes of violence for Mr. Carthen's § 924(c) convictions on Counts 3, 5, and 7 of the indictment. As explained in the Recommendation, Eleventh Circuit precedent holds that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause. (*See* Doc. # 60, at 12 (citing *In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016).) That precedent is dispositive of Mr. Carthen's claim. The out-of-circuit district court decision upon which Mr. Carthen relies cannot override the controlling law of this circuit. (Doc. # 65 at 5.)

Third, Mr. Carthen reasserts a claim challenging the lack of an evidentiary hearing for the crimes in which his coconspirators implicated him. (Doc. # 65, at 6.) The contours of this argument remain unclear. The Recommendation found that the claim was barred on collateral review because the Eleventh Circuit had rejected a substantially similar argument Mr. Carthen had urged on appeal. (Doc. # 60, at 9–10.) The Recommendation also correctly noted that, if Mr. Carthen had intended to argue "something different by this claim in his § 2255 motion," the claim was procedurally defaulted and that he had failed to show cause and prejudice to excuse the default. (Doc. # 60, at 10 n.11.)

Fourth, for the first time, Mr. Carthen argues that his conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g) (Count 8), is invalid under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Doc. # 66 at 17.) Mr. Carthen did not raise a *Rehaif* claim in his § 2255 motion or in his amendments. However, even if Mr. Carthen had raised a *Rehaif* claim in his § 2255 pleadings, it would have been procedurally defaulted, and Mr. Carthen cannot demonstrate cause and prejudice excusing the default. Mr. Carthen also would not be able to succeed on the merits of his *Rehaif* claim. His argument is that *Rehaif* requires the Government to prove that a defendant "knew what he did was 'in or affecting commerce.'" (Doc. # 66, at 17.) However, the Supreme Court held that the "in or affecting commerce" element was jurisdictional and thus "not subject to the presumption in favor of

scienter." *Id.* at 2195 ("No one here claims that the word 'knowingly' modifies the statute's jurisdictional element. Jurisdictional elements do not describe the 'evil Congress seeks to prevent,' but instead simply ensure that the Federal Government has the constitutional authority to regulate the defendant's conduct (normally, as here, through its Commerce Clause power)." (citation omitted)).

Fifth, Mr. Carthen cites a change in the law in 2018 that amended the mandatory minimum sentences for specified firearm offenses. (Doc. # 66, at 5.) He presumably is referring to § 403(a) of the First Step Act of 2018, which was effective December 21, 2018. *See* Pub. L. No. 115-391, § 403(a), 132 Stat. 5194, 5222 (2018) (codified at 18 U.S.C. § 924 note). Section 403(a) of the First Step Act revised § 924(c) by eliminating the 25-year stacking provision for a "second or subsequent count of conviction" under § 924(c). Now, the 25-year mandatory-minimum sentence on a second § 924(c) conviction applies only if the defendant has a prior § 924(c) conviction that has become final. However, the First Step Act did not make § 403(a) retroactive. *See* First Step Act, § 403(b) ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."); *see also United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019) ("In 2018, Congress changed the law so that, going forward, only a second § 924(c) violation committed after a prior [§ 924(c)] conviction has

4

become final will trigger the 25-year minimum." (quotation marks omitted)).  Hence, although the First Step Act changed the circumstances under which § 924(c) offenses are subject to enhanced mandatory minimum sentences, *see* First Step Act § 403(a), Congress expressly limited the retroactivity of that provision to offenses for which sentences had not been imposed as of the First Step Act's date of enactment, *see* First Step Act § 403(b).  Mr. Carthen's sentence was imposed in December 2016. "By its plain language, section 403 is thus inapplicable to [Mr. Carthen]." *Willingham v. United States*, 805 F. App'x 815, 817 (11th Cir. 2020).

Sixth, Mr. Carthen reasserts his various claims of ineffective assistance of counsel, including his conflict-of-interest claim regarding his former trial counsel, Bill Wayne Lewis, Jr., Esq. (Doc. # 66 at 8, 18–23.)  These arguments are addressed in the Recommendation, and none has merit.  (Doc. # 60, at 13–24.)  Mr. Carthen also attempts to raise a new ineffective-assistance claim against his appellate counsel based on her failure to argue on appeal that the district court did not give a *Rehaif*-based jury instruction.  (Doc. # 66 at 22.) Mr. Carthen did not raise this claim in his previous filings.  Also, appellate counsel would not have been ineffective for failing to raise a claim challenging the lack of a *Rehaif*-based jury instruction because *Rehaif* had not been decided at that time.

Based upon the foregoing, Mr. Carthen's objections lack merit.[1]  The Recommendation appropriately addresses and rejects all the claims Mr. Carthen raises in his § 2255 motions and amendments.  Accordingly, it is ORDERED that Mr. Carthen's objections (Docs. # 65, 66) are OVERRULED, the Recommendation (Doc. # 60) is ADOPTED, Petitioner's § 2255 motion is DENIED without an evidentiary hearing, and this action is DISMISSED with prejudice.

It is further ORDERED that the pending motions (Docs. # 49, 55, 56, 59) are DENIED.

A certificate of appealability will not be issued.  For a petitioner to obtain a certificate of appealability, he must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This showing requires that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).  And, where a petition is denied on procedural grounds, he "must show not only that one or more of the claims he has raised presents a substantial constitutional issue, but also that there is a substantial issue about the correctness of the procedural ground on which

---

[1] Other arguments not addressed in this Order are rejected without need for further discussion.

the petition was denied." *Gordon v. Sec'y, Dep't of Corrs.*, 479 F.3d 1299, 1300 (11th Cir. 2007) (citations omitted). "A 'substantial question' about the procedural ruling means that the correctness of it under the law as it now stands is debatable among jurists of reason." *Id.* Because reasonable jurists would not find the denial of Petitioner's § 2255 petition debatable, it is ORDERED that a certificate of appealability is DENIED.

    Final judgment will be entered separately.

    DONE this 22nd day of June, 2022.

                                        /s/ W. Keith Watkins
                                    UNITED STATES DISTRICT JUDGE