IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TREMANE DARNELL CARTHEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-CV-593-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the court are two matters.  The first matter is Petitioner's "Motion Asking Permission to File Motion for Certificate of Appealability Per U.S. Supreme Court Ruling in *United States v. Taylor*, 142 S. Ct. 2015 . . . — with Filing Fee $505.00 Attached."  (Doc. # 83.)  That motion will be denied.[1]  The second matter is Petitioner's Notice of Appeal Payment/via Deficiency Notice Paid in Full.  (Doc. # 82.)  This Order addresses Petitioner's attempt to pay the appellate docketing and filing fees after the dismissal of his appeal.

**A.**     **Petitioner's Motion for a Certificate of Appealability (Doc. # 83)**

Petitioner's motion is dated February 14, 2023 (Doc. # 83-1 at 5), more than a month after the Eleventh Circuit dismissed his appeal "for want of prosecution"

---

[1] Petitioner is advised that a filing fee of $505 is not attached.

for failure to pay the docketing and filing fees to the district court (Doc. # 81).[2] Final judgment was entered on June 22, 2022 (Doc. # 69), and Petitioner's motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure was denied on August 10, 2022 (Doc. # 72).

Now that the Eleventh Circuit has dismissed his appeal, Petitioner asks anew for a certificate of appealability to invoke *United States v. Taylor* to challenge his 18 U.S.C. § 924(c) convictions.[3]  Petitioner cannot raise this claim for the first time in a certificate of appealability.  Because the motion seeks to add a new claim for relief from the underlying judgment of conviction, Petitioner's self-styled motion for a certificate of appealability must be construed as a second or successive 28 U.S.C. § 2255 motion.  *Cf. Galatolo v. United States*, 394 F. App'x 670, 671 (11th Cir. 2010) (per curiam) (explaining in an analogous context that, if after the dismissal of a 28 U.S.C. § 2255 motion, the petitioner files a motion that "seeks to add a new ground for relief from the underlying judgment of conviction . . . , then the court

---

[2] Petitioner's motion for a certificate of appealability was denied on June 22, 2022 (Doc. # 68), and his motion challenging the June 22, 2022 ruling was denied on August 10, 2022 (Doc. # 72).  Petitioner's motion for leave to appeal *in forma pauperis* was denied on November 4, 2022.

[3] In *United States v. Taylor*—decided on June 21, 2022—the Supreme Court held that attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) because the offense elements do not require proof that the defendant used, attempted to use, or threatened to use force.  *See United States v. Taylor*, 142 S. Ct. 2015, 2021 (2022).

should construe the [motion] as a second or successive § 2255 motion and dismiss it accordingly" (citing *Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005)).

The bar on unauthorized successive § 2255 motions is jurisdictional. *See In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013). Because Petitioner has not shown that he has obtained certification from the Eleventh Circuit authorizing the court to proceed on a successive § 2255 motion, his successive § 2255 motion should be dismissed for lack of jurisdiction. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

For the foregoing reasons, it is ORDERED that Petitioner's motion for a certificate of appealability (Doc. # 83) is CONSTRUED as a successive § 2255 motion and is DISMISSED without prejudice for lack of jurisdiction.

Final judgment will be entered separately on the dismissal of the construed § 2255 motion. Petitioner is not required to obtain a certificate of appealability to appeal the final judgment, should he desire to do so, because it is not "'a final order in a habeas corpus proceeding'" within the meaning of 28 U.S.C. § 2253(c). *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (quoting § 2253(c)).

**B.     Petitioner's Notice of Appeal Payment, *Etc*. (Doc. # 82)**

In his Notice of Appeal Payment/via Deficiency Notice Paid in Full. (Doc. # 82), which is dated January 12, 2023, Petitioner states that he mailed a check in the amount of $510.00 to the Clerk's Office "for the clearance of any deficiencies"

3

for Appeal Number 22-12963-A.  (Doc. # 82 at 1.)  Petitioner is advised that the Clerk's Office received a United States Treasury check, payable to the United States District Court, in the amount of $499.00 on January 18, 2023.  The check included the name "Carthen, Tremane."  However, the check is dated <u>after</u> the Eleventh Circuit's dismissal of Petitioner's appeal on January 10, 2023, "for want of prosecution" for failure to pay the appellate docketing and filing fees to the district court.  (Doc. # 81.)  Not only was his payment untimely, but also Petitioner received notice in a letter from the Clerk of Court, dated January 19, 2023, that he did not provide a case number or sufficient information about "exactly what the payment [was] for," and consequently his check was returned.  The Clerk of Court was correct to return the uncashed check to Petitioner.  To the extent that the Plaintiff intended the $499 United States Treasury check to be payment for the appellate filing and docketing fees, that payment came too late.  The appeal was no longer pending when the check was dated.

    DONE this 9th day of March, 2023.

                                     /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE